IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL JERMAINE WALKER, #265673, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Civil Action No. 1:15cv608-MHT ) (WO) |
| SHARON McSWAIN HOLLAND, *et al.*, | ) ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1)[1] filed by Alabama inmate Michael Jermaine Walker ("Walker") on June 22, 2015.[2] Walker challenges his 2007 robbery conviction and life sentence entered by the Houston County Circuit Court. He claims that he was wrongly sentenced as a habitual offender even though he had no prior convictions and another individual has confessed to the crime for which he was convicted. Doc. No. 1 at 5. The

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Citations to exhibits ("Resp'ts Ex.") are to exhibits included with the respondents' answer, Doc. No. 12. Page references are to those assigned by CM/ECF.

[2] Walker filed his petition in the United States District Court for the Southern District of Alabama, which transferred the petition to this court for review and disposition. *See* Doc. Nos. 3 and 4. By his signature, Walker represents that he executed the petition on June 22, 2015. Doc. No. 1 at 7. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999). Absent evidence to the contrary in the form of prison logs or other records, this court assumes Walker's petition was delivered to prison authorities the day Walker represents that he signed it. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

respondents argue that Walker's petition is time-barred by the one year federal limitation period applicable to § 2254 petitions. Doc. No. 12. The court agrees and finds that the petition should be denied without an evidentiary hearing.

## II.  DISCUSSION

*A.  AEDPA's One-Year Limitation Period*

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions. It states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. State Court Proceedings

In September 2007, a Houston County jury found Walker guilty of first degree robbery in violation of § 13A-8-41, Ala. Code 1975. Resp'ts Ex. 1 at 27. The trial court sentenced Walker to life in prison plus 10 years. *Id*. at 30. Walker appealed, and the Alabama Court of Criminal Appeals remanded the case and directed the trial court to vacate the 10-year sentence added to his life sentence. Resp'ts Ex. 4 at 2. The trial court complied and, on December 19, 2008, on return to remand, the Alabama Court of Criminal Appeals affirmed Walker's conviction and life sentence. Resp'ts Ex. 6. Walker's application for rehearing was overruled, and he petitioned the Alabama Supreme Court for certiorari review. Resp'ts Exs. 7–9. On April 24, 2009, the Alabama Supreme Court denied the petition for writ of certiorari and issued a certificate of judgment. Resp'ts Exs. 10–11.

On April 13, 2010, Walker filed a pleading in the Montgomery County Circuit Court styled as a petition for a declaratory judgment. Resp'ts Ex. 12. The petition was construed as a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure and transferred to the Houston County Circuit Court for review. Resp'ts Ex. 13. On August 23, 2010, the Houston County Circuit Court entered an order denying the Rule 32 petition. Resp'ts Ex. 14. Walker took no appeal from that decision.

### C. Application of 28 U.S.C. § 2244(d)

The Alabama Supreme Court issued the certificate of judgment in Walker's direct appeal on April 24, 2009. For purposes of habeas review, the federal limitation period was tolled for the ensuing 90 days to allow Walker to file a petition for writ of certiorari in the United States Supreme Court if he chose to do so. *Bond v. Moore*, 309 F.3d 770, 774 (11th

Cir. 2002); *Nix v. Sec'y for the Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir. 2004). *See* U.S. Sup. Ct. Rule 13.1 (providing that a petition for a writ of certiorari in the United States Supreme Court is timely when filed within 90 days after entry of judgment or denial of discretionary review by the state court of last resort). When that 90-day period expired without Walker's filing in the United States Supreme Court, direct review concluded and his conviction became final under 28 U.S.C. § 2244(d)(1)(A). *Bond*, 309 F.3d at 774. Therefore, Walker's conviction became final on July 23, 2009, and the one year federal limitation period began to run on that date. Absent statutory or equitable tolling, Walker had until July 23, 2010, to file a timely § 2254 petition.

## D. Statutory Tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2); *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009). As indicated above, on April 13, 2010, Walker filed a "petition for a declaratory judgment" that was construed by the state courts to be a petition for post-conviction relief under Ala.R.Crim.P. 32. Assuming the petition was, for purposes of § 2244(d)(2), a "properly filed" application for state post-conviction review of Walker's conviction and sentence,[3] its filing tolled the one year federal limitation period, which had

---

[3] The respondents argue that Walker's state post-conviction petition was not a "properly filed" petition for purposes of § 2244(d)(2), and thus had no tolling effect, because Walker did not file the petition in the correct state circuit court. Doc. No. 12 at 9–11. The court pretermits discussion of this argument because it is clear that Walker's § 2254 petition is untimely whether or not his state post-conviction petition is deemed to have been properly filed for purposes of § 2244(d)(2).

4

by that time run for 264 days (i.e., from July 23, 2009, to April 13, 2010). *See Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). The federal limitation period remained tolled until October 4, 2010—i.e., 42 days after the trial court's August 23, 2010 denial of Walker's Rule 32 petition—because Walker took no appeal from the trial court's judgment. *See* Ala.R.App.P. 4(b)(1). One hundred and one days later, on January 13, 2011, the federal limitation period expired.

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) do not provide safe harbor for Walker such that the AEDPA's limitation period commenced on some date later than July 23, 2009, or (counting tolling under §2244(d)(2)) expired on some date later than January 13, 2011. There is no evidence that any unconstitutional or illegal state action impeded Walker from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Walker presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

### E. Equitable Tolling

The limitation period in federal habeas proceedings may be equitably tolled on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). As the Supreme Court has reaffirmed, a petitioner is entitled to equitable tolling "only if he shows

5

(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is an extraordinary remedy applied only sparingly. *Logreira v. Secretary Dept. of Corr.*, 161 F. App'x 902, 903 (11th Cir. 2006). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

Walker maintains that the untimely filing of his § 2254 petition should be excused because he was "not aware" of Alabama's law regarding habitual felony offenders. Doc. No. 14 at 1. This is not basis for applying equitable tolling. A habeas petitioner's lack of legal training or a general ignorance or confusion regarding the requirements of the law are not extraordinary circumstances that warrant equitable tolling. *See Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005); *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013). Moreover, Walker's alleged lack of knowledge regarding Alabama's habitual offender statute was irrelevant to his ability to file a timely § 2254 petition challenging his conviction and sentence.[4] Walker is not entitled to equitable tolling.

### F. Actual Innocence

The statute of limitations may be overcome by a credible showing by the petitioner that he is actually innocent. *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted claims

---

[4] Contrary to his assertions in his § 2254 petition, Walker was not sentenced under Alabama's habitual offender statute.

must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[This] standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). Although Walker does not expressly invoke the doctrine of actual innocence, he does claim that another individual has confessed to the crime for which he was convicted. Doc. No. 1 at 5. The undersigned therefore construes this *pro se* allegation as a claim of actual innocence.

In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Walker's claim of actual innocence does not meet this standard. His claim is predicated entirely on his conclusory assertion that "Michael Hansford admitted to Jeremy Cooper that he was the one who committed this robbery that I am unlawfully convicted of." Doc. No. 1 at 5. No affidavit is submitted to support this assertion by Walker. It cannot be discerned from the record who Michael Hansford and Jeremy Cooper are, when and under what circumstances the alleged confession was made, or how Walker learned of the alleged confession. No indicia of reliability, trustworthiness, or credibility are provided.

As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case."

*Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). Walker's is not such a case. He therefore fails to meet his burden of demonstrating that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. 513 U.S. at 327.

Walker filed his § 2254 petition on June 22, 2015—over four years after expiration of the federal limitation period. His petition is time-barred under the AEDPA, and he has not demonstrated that he is entitled to either equitable tolling or the exception of "actual innocence." Consequently, his claims are not subject to further review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation or before June 29, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal

conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 15th day of June, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge